UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| HYDRES BINION, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| | ) | |
| v. | ) | Case No. 4:23-CV-00056-SPM |
| | ) | |
| TERI VANDERGRIFF, | ) | |
| | ) | |
| Respondent. | ) | |

**MEMORANDUM OPINION**

This matter is before the Court on the petition of Missouri state prisoner Hydres Binion

("Petitioner") for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. ECF No. 6. The parties

have consented to the jurisdiction of the undersigned United States Magistrate Judge pursuant to

28 U.S.C. § 636(c)(1). ECF No. 10. For the following reasons, the petition will be denied.

### I.   FACTUAL BACKGROUND

The Missouri Court of Appeals summarized the facts of Petitioner's case as follows:

> The State charged [Petitioner] with one count of statutory sodomy in the
> first degree arising out of an incident that occurred in March 2014, when numerous
> family members stayed overnight at the home of [Petitioner] and Victim's
> grandmother. Victim was ten years old. Victim, Victim's cousin, and [Petitioner]
> slept fully-clothed on a pallet in the kitchen. The other family members slept in the
> bedrooms. The State charged that [Petitioner] inappropriately touched Victim
> during the night.
> 
> The case proceeded to a jury trial. At trial, Victim testified that he was
> asleep and woke up to [Petitioner] touching him with his hand. Victim testified that
> [Petitioner] touched his genitals under his clothes, making skin-to-skin contact.
> [Petitioner] squeezed Victim from behind in a bear hug, moving against him.
> Victim testified that [Petitioner] said nothing during the touching, and that
> [Petitioner] was "[s]till asleep." [Petitioner] testified that he only remembered
> going to sleep and waking up the next morning. [Petitioner]'s theory of defense at

1

> trial was that because he was sleeping when the criminal conduct allegedly occurred, he could not have consciously committed the offense.
>
> The jury found [Petitioner] guilty of the charged offense. At the sentencing hearing, the trial court noted it received the sentencing assessment report ("SAR") and "a number of impassionate letters" on behalf of [Petitioner]. The State informed the trial court that the sentencing range for first-degree statutory sodomy was ten to thirty years or life in prison due to the Victim's age. The State recommended eighteen years in prison given the nature of the offense and [Petitioner]'s prior convictions. Trial counsel requested probation. Trial counsel discussed the mitigating context of [Petitioner]'s prior convictions, none of which were for sexual abuse involving children, and directed the trial court's attention to details in some of the letters from friends and family on [Petitioner]'s behalf, including a letter from his employer affirming his long-term employment. Trial counsel emphasized [Petitioner]'s significant work history, and noted that [Petitioner] was a grandfather to twenty-four grandchildren with no prior allegations of him touching any children, has been a good provider for his family, and has a great deal of family support. [Petitioner] denied ever touching or harming a child. [Petitioner] further explained that when many family members stay over, they sleep on pallets together, and nothing like this had ever happened.

Resp't Ex. I, at 2-3.[1] The trial court sentenced Petitioner to twenty years in prison. *Id.* at 3.

Petitioner is an inmate at the Farmington Correctional Center. ECF No. 6, at 1.

In his direct appeal, Petitioner raised the sole claim that the trial court abused its discretion in overruling his motion *in limine* and prohibiting him from testifying on a limited basis about the age of the victim in Petitioner's prior conviction. Resp't Ex. C, at 6. On May 24, 2016, the Missouri Court of Appeals affirmed the Circuit Court. Resp't Ex. E, at 1-6.

In his amended motion for post-conviction relief, filed pursuant to Mo. Sup. Ct. R. 29.15, Petitioner asserted two claims: (1) that his appellate counsel was ineffective for failing to raise on direct appeal that the trial court erred in overruling Petitioner's motion for judgment of acquittal at the close of all of the evidence because the evidence was insufficient to support Petitioner's

---

[1] This document contains multiple sets of page numbers. The Court refers to the pagination in the lower right-hand corner.

Additional facts relevant to Petitioner's specific claims will be set forth in the discussion section below.

conviction of statutory sodomy in the first degree; and (2) that his trial counsel was ineffective for failing call two character witnesses at Petitioner's sentencing hearing who could have testified about Petitioner's good character and family ties. Resp't Ex. F, at 31-55. The state post-conviction motion court denied all of these claims without an evidentiary hearing. *Id.* at 61-64. The Missouri Court of Appeals also denied the claims on the merits. Resp't Ex. I, at 1-14.

In the instant petition, Petitioner asserts three grounds for relief: (1) the state post-conviction motion court erred in denying Petitioner's Rule 19.15 motion without an evidentiary hearing; (2) that his appellate counsel was ineffective for failing to raise on direct appeal that the trial court erred in overruling Petitioner's motion for judgment of acquittal at the close of all of the evidence because the evidence was insufficient to support Petitioner's conviction of statutory sodomy in the first degree; and (3) that his trial counsel was ineffective for failing to call character witnesses at Petitioner's sentencing hearing who could have testified about Petitioner's behalf. ECF No. 6.

## II.   LEGAL STANDARDS

Where a claim has been adjudicated on the merits in state court proceedings, a federal court may grant habeas relief only if the state court's adjudication of the claim "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). "[A] determination of a factual issue made by a State court shall be presumed to be correct," and the petitioner has the "the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C.A. § 2254(e)(1).

A state court decision is "contrary to" clearly established Supreme Court precedents "if the state court applies a rule that contradicts the governing law set forth in [the Supreme Court's] cases" or "if the state court confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [the Supreme Court's] precedent." *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000); *see also Brown v. Payton*, 544 U.S. 133, 141 (2005). A state court decision involves an "unreasonable application" of clearly established federal law if it "correctly identifies the governing legal rule but applies it unreasonably to the facts of a particular prisoner's case." *Williams*, 529 U.S. at 407-08; *see also Bell v. Cone*, 535 U.S. 685, 694 (2002). "Finally, a state court decision involves an unreasonable determination of the facts in light of the evidence presented in the state court proceedings only if it is shown that the state court's presumptively correct factual findings do not enjoy support in the record." *Jones v. Luebbers*, 359 F.3d 1005, 1011 (8th Cir. 2004) (citations and internal quotation marks omitted).

### III.   DISCUSSION

#### A.  Ground One: Post-Conviction Motion Court Error

In Ground One, Petitioner claims that the post-conviction motion court erred in denying his Rule 19.15 motion without an evidentiary hearing. However, it is well-settled that "the Constitution does not guarantee the existence of state post-conviction proceedings." *Bell-Bey v. Roper*, 499 F.3d 752, 756 (8th Cir. 2007) (citing *Pennsylvania v. Finley*, 481 U.S. 551, 557 (1987)). As such, "an infirmity in a state post-conviction proceeding does not raise a constitutional issue cognizable in a federal habeas [application]." *Id.* (quoting *Williams-Bey v. Trickey*, 894 F.2d 314, 317 (8th Cir. 1990)). Petitioner's claim in Ground One is not cognizable for purposes of habeas review because it is based on an alleged error in post-conviction proceedings. Whether the motion

4

court ought to have held a motion hearing is purely a matter of state law. As a result, Ground One will be denied.

### B. Ineffective Assistance of Counsel

Petitioner alleges ineffective assistance of counsel at both the appellate and trial levels as additional grounds for relief.

The Sixth Amendment guarantees a criminal defendant the right to effective assistance of counsel. *Strickland v. Washington*, 466 U.S. 668, 685-86 (1984). To show ineffective assistance of counsel, a petitioner must show both that his "counsel's performance was deficient" and that "the deficient performance prejudiced [his] defense." *Strickland*, 466 U.S. at 687; *see also Paulson v. Newton Corr. Facility*, 773 F.3d 901, 904 (8th Cir. 2014). To show deficient performance, Petitioner must show "that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Strickland*, 466 U.S. at 687. "Judicial scrutiny of counsel's performance must be highly deferential," and Petitioner bears a heavy burden in overcoming "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689. To show prejudice, Petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694.

Where, as here, an ineffective assistance claim has been addressed by the state court, this Court must bear in mind that "[t]aken together, AEDPA and *Strickland* establish a 'doubly deferential standard' of review." *Williams v. Roper*, 695 F.3d 825, 831 (8th Cir. 2012) (quoting *Cullen v. Pinholster*, 563 U.S. 170, 201 (2011)). In the context of a habeas claim, it is not sufficient for a petitioner to "show that he would have satisfied *Strickland*'s test if his claim were being

5

analyzed in the first instance." *Bell v. Cone*, 535 U.S. 685, 698-99 (2002). "Rather, he must show that the [state court] applied *Strickland* to the facts of his case in an objectively unreasonable manner." *Id.* at 699.

### 1. Ground Two: Ineffective Assistance of Appellate Counsel

In Ground Two, Petitioner asserts that appellate counsel was ineffective for failing to assert on appeal that the trial court erred in overruling Petitioner's motion for judgment of acquittal at the close of all the evidence. Specifically, Petitioner argues that the evidence was insufficient to support his conviction of sodomy in the first degree under § RSMo 566.062 because the state failed to prove beyond a reasonable doubt that Petitioner's charged actions were (1) voluntary, and (2) done for the purpose of arousing or gratifying the sexual desire of any person.

In his amended motion for post-conviction relief, Petitioner pointed to some evidence adduced at trial that he was asleep at the time he was alleged to have committed the criminal acts at issue. He points to Victim's comments that Petitioner said nothing while touching victim and that Petitioner was "[s]till asleep." Resp't Ex. F, at 33. Petitioner also testified at trial that he only remembered going to sleep and waking up the next morning, and was asleep during the time of the alleged act. Resp't Ex. A, at 426-27.

"[T]he Due Process clause protects the accused against conviction except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged." *In re Winship*, 397 U.S. 358, 364 (1970). In reviewing a challenge to the sufficiency of the evidence, "the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979) (emphasis in original); *accord Parker v. Matthews*, 567 U.S. 37, 43 (2012); *Cavazos v. Smith*, 565 U.S. 1, 7

6

(2011). "This familiar standard gives full play to the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts." *Jackson*, 443 U.S. at 319. State law determines the specific elements of the crimes. *See Fenske v. Thalacker*, 60 F.3d 478, 480 (8th Cir. 1995).

The Supreme Court has noted that "*Jackson* claims face a high bar in federal habeas proceedings because they are subject to two layers of judicial deference." *Coleman v. Johnson*, 566 U.S. 650, 651 (2012). First, in the direct appeal, the state appellate court must defer to the jury's conclusions about the evidence presented at trial. *Id.* Second, on habeas review, "a federal court may not overturn a state court decision rejecting a sufficiency of the evidence challenge simply because the federal court disagrees with the state court. The federal court instead may do so only if the state court decision was 'objectively unreasonable.'" *Id.* (quoting *Cavazos*, 565 U.S. at 2). *See also Parker*, 567 U.S. at 43 (discussing the "twice-deferential standard" that applies to habeas claims based on *Jackson*).

Here, after citing the applicable standards of review, the Missouri Court of Appeals found that, because the claim challenging the sufficiency of the evidence would not have been meritorious, appellate counsel was not deficient for failing to pursue the claim on appeal.

In considering the merit of the underlying claim regarding sufficiency of the evidence, the Missouri Court of Appeals considered the definitions of "voluntary act" and "deviant sexual intercourse" under Missouri law, and correctly noted that the Due Process clause requires proof beyond a reasonable doubt of every fact necessary to constitute the charged crime for an accused to be convicted. Resp't Ex. I, at 7-8 (citing Mo. Rev. Stat. §§ 562.011.1, 566.011.1-2, 566.010(1), 562.011.2 & *State v. Voss*, 488 S.W.3d 97, 110 (Mo. App. E.D. 2016) & *Ballew v. Aiello*, 422

S.W.2d 396, 399 (Mo. App. Spr. 1967). The state court also identified the appropriate *Jackson* standards, and explained:

> Here, the jury heard testimony from both Victim and [Petitioner]. The jury was free to disbelieve and disregard [Petitioner]'s testimony that he was was [sic] asleep during the charged act. *See* [*State v. Nash*, 339 S.W.3d 500, 509 (Mo. banc 2011)]; *see also Ballew*, 422 S.W.2d at 399[ ]. Moreover, a jury reasonably could have found that Victim did not know the state of [Petitioner]'s consciousness and only speculated that [Petitioner] was asleep. The jury also heard Victim testify that he was asleep during the alleged conduct but, in response to questioning, Victim clarified that in fact he had woken up to [Petitioner] touching him. The jury further reasonably could have disbelieved [Petitioner]'s testimony that he was asleep and did not remember touching Victim's penis and butt and moving against him in a humping motion. *See Nash*, 339 S.W.3d at 509. Lastly, on the element of whether the sodomy was done for the purpose of sexual gratification, the jury was free to infer the requisite intent from the sexual nature of the act itself. *See* [*State v. Holmes*, 626 S.W.3d 339, 342 (Mo. App. E.D. 2021)] (internal quotation omitted) (noting that "[i]n assessing whether a defendant touched another 'for the purpose of arousing or gratifying the sexual desire of any person,' a jury may infer intent from the surrounding circumstances or from 'the sexual nature of the act itself.'"). In light of the applicable standard of review and our deference to the jury's assessment of the evidence at trial, we are persuaded that the jury reasonably could have found from the State's evidence that [Petitioner] consciously, voluntarily and knowingly committed the acts as charged for the purpose of arousing or gratifying his sexual desire. *See id*. at 341–42 (citing *Nash*, 339 S.W.3d at 509).

Resp't Ex. I, at 9-10. The Missouri Court of Appeals accurately reviewed the evidence in light of the elements of the crime charged and articulated its reasons for concluding that a reasonable juror could have found beyond a reasonable doubt that Petitioner acted voluntarily and for sexual gratification. Furthermore, it is not the role of this Court to second-guess the state court's determination about a question of Missouri law. *See Arnold v. Dormire*, 675 F.3d 1082, 1086 (8th Cir. 2012) ("We do not second-guess the decision of a Missouri state court on Missouri law."). Under the very deferential standards the Court must apply at this stage, the Court cannot find that the state court's determination about the sufficiency of the evidence was contrary to, or an unreasonable application of, clearly established federal law.

8

Furthermore, after reviewing the record, under the "twice-deferential" standard this Court must apply, the Court cannot say that the state court's factual determinations were objectively unreasonable. The state court's discussion of the facts that were presented to the jury is well supported by the record, which shows that both Petitioner and Victim testified and the jury was well-positioned to make determinations about their relative credibility. For example, Petitioner emphatically denied on the stand that the acts, to which Victim had previously testified in detail, took place at all. *See, e.g.,* Resp't Ex. A, at 430, 455, 331-35. The Court cannot say that the state court's conclusion, based on this evidence, was based on an unreasonable determination of the facts.

The state court, after identifying the appropriate *Strickland* standards, reasonably found Petitioner could not establish the first prong of *Strickland* (deficient performance) because counsel chose not to pursue a claim on appeal that would not be meritorious. *See, e.g.*, *Link v. Luebbers*, 469 F.3d 1197, 1205 (8th Cir. 2006) ("When appellate counsel competently asserts some claims on a defendant's behalf, it is difficult to sustain a[n] ineffective assistance claim based on allegations that counsel was deficient for failing to assert some other claims. Because one of appellate counsel's important duties is to focus on those arguments that are most likely to succeed, counsel will not be held to be ineffective for failure to raise every conceivable issue. Generally, only when ignored issues are clearly stronger than those presented, will the presumption of effective assistance of counsel be overcome.") (internal citations and quotation marks omitted). *See also Smith v. Robbins*, 528 U.S. 259, 288 (2000) ("[A]ppellate counsel who files a merits brief need not (and should not) raise every nonfrivolous claim, but rather may select from among them in order to maximize the likelihood of success on appeal.") (citing *Jones v. Barnes*, 463 U.S. 745

9

(1983)). The Court finds nothing in the record to suggest that this claim was clearly stronger than the one appellate counsel chose to present.

For this and the above reasons, the Court will deny relief under Ground 2.

### 2. Ineffective Assistance of Trial Counsel

In Ground Three, Petitioner argues that his trial counsel was ineffective in failing to call character witnesses to testify at his sentencing hearing.

In his briefing for state post-conviction relief, Petitioner identified two witnesses who could have testified on his behalf: Don Hopkins, the son of Petitioner's former girlfriend (who is also Victim's grandmother); and Sharon Warren, the mother of four of Petitioner's children. Resp't Ex. G, at 17-19.[2]  According to Petitioner, Ms. Warren would have testified that "none of their four children can believe [Petitioner] did what the jury has convicted him of doing" and that he was a good father to her children. *Id.* at 12-13. As for Mr. Hopkins, Petitioner alleged that he would have testified that: "[Petitioner] is a good man, and that he cannot believe that the incident occurred in the manner in which his mother, Jacqueline Vincent, and sister, Tanya Vincent, reported"; "the morning after the alleged incident, his mother called him and told him that [Petitioner] had raped [Victim]" and that "later, his mother changed her story"; "[Petitioner] would never hurt anyone, especially not a child"; "his son was the other little boy sleeping on the pallet on the kitchen floor with [Petitioner] on the night of the incident"; and "he has no idea how anyone could believe or think that [Victim] even knew or understood what happened since he suffers from very debilitating mental disabilities." *Id.* at 12; Resp't Ex. F, at 53-54. Petitioner argued that these witnesses were

---

[2] Petitioner does not name the specific witnesses in his amended petition (ECF No. 6). However, because he appealed post-conviction claims to the Missouri Court of Appeals pertaining to trial counsel's failure to call Sharon Warren and Don Hopkins at the sentencing hearing—and because Respondent has interpreted Ms. Warren and Mr. Hopkins to be the witnesses at issue, and Petitioner has not contradicted this interpretation—the Court will treat these individuals as the witnesses in Petitioner's claim.

10

both available and willing to testify, and there is a reasonable probability that their testimonies would have caused the trial court to impose a lesser sentence.

In its post-conviction opinion, the Missouri Court of Appeals found that Petitioner failed to satisfy the two prongs of *Strickland*.  First, it noted that where, as here, "the motion court also serves as the sentencing court, the motion court's ruling as to the impact of character witnesses is ***virtually unchallengeable***." Resp't Ex. I at 11 (citing *Dawson v. State*, 611 S.W.3d 761, 771 (Mo. App. W.D. 2020)) (emphasis in original). It then continued:

> [T]he motion court determined that additional evidence from character witnesses would not have mitigated the sentence. The record of the sentencing hearing demonstrates that, prior to imposing sentence, the trial court received and considered many impassioned letters submitted by [Petitioner]'s friends, family, and employer on behalf of his good character, family background, and work history. To the extent Warren and Hopkins would have testified regarding [Petitioner]'s character, such testimony would have been similar to the character evidence presented at the sentencing hearing. Trial counsel is not ineffective for failing to call witnesses to provide cumulative evidence. The trial court also considered [Petitioner]'s prior convictions, probation violations, as well as the nature of the charged criminal conduct and Victim's age. Viewing the complete record, we are not persuaded that [Petitioner] has overcome the presumption that trial counsel acted reasonably in not calling Warren or Hopkins to testify at the sentencing hearing, nor has [Petitioner] demonstrated error in the motion court's virtually unchallengeable ruling as to the potential impact of their testimonies on his sentence.
>
> Moreover, the record conclusively refutes [Petitioner]'s claim that there is a reasonable probability he would have received a lesser sentence had trial counsel called Warren and Hopkins. [Petitioner] alleges Warren would have testified that none of her and [Petitioner]'s children could believe that [Petitioner] sodomized Victim. [Petitioner] alleges Hopkins would have testified that he could not believe the incident occurred because his mother first said [Petitioner] raped Victim and then changed her story and, further, Victim was not believable because he suffered from mental disabilities. The nature of the claimed testimony shows that neither witness would have provided admissible character evidence at [Petitioner]'s sentencing hearing. Instead, the testimony of both witnesses would have focused on the issue of [Petitioner]'s guilt of the charged offense. Testimony regarding a defendant's guilt or innocence is admissible during the guilt phase of trial but is not relevant to a defendant's good character for purposes of sentencing. We cannot hold trial counsel to be ineffective for failing to call witnesses at a sentencing hearing whose testimony would not have provided admissible character evidence.

Resp't Ex. I at 11-13 (internal citations and quotation marks omitted).

The Missouri Court of Appeals' decision was not contrary to or an objectively unreasonable application of *Strickland*. The court properly articulated the *Strickland* standard. Resp't Ex. I at 5-6. Specifically, with regard to the first *Strickland* prong (deficient performance), it was not objectively unreasonable for the state court to find that Petitioner's counsel did not act contrary to what a reasonably competent attorney would do in a similar situation. Relying on state law, the state court determined that the proposed testimony by these two witnesses had limited evidentiary value—both because it may have constituted cumulative evidence in light of the numerous letters considered by the trial court and because it concerns Petitioner's guilt or innocence in an inappropriate phase of the proceedings for such evidence.

Nor was the state court's finding that Petitioner was not prejudiced unreasonable, as Petitioner failed to establish that Ms. Warren's and Mr. Hopkins's testimony would have changed Petitioner's sentence. The state court's reasoning has factual support in the record.  In explaining Petitioner's sentence, the trial court noted: (1) Petitioner's "mixed" track record on probation, which included at least one revocation; and (2) Petitioner's criminal history, which included "the prior offense not of [a] child, but is still—it is a disturbing background along with the abuse of alcohol." Resp't Ex. A, at 507. Neither Ms. Warren's nor Mr. Hopkins' proposed testimony touches on Petitioner's history with the criminal justice system, which the trial court identified as a primary motivating factor in the sentence. Furthermore, the trial court continued:

> And we're in a posture here where -- and I respect, you know, that you -- you're saying you didn't do it and you have never done anything like that and, you know, I understand that, but the evidence was presented and the jury found otherwise in this instance.
>
>     …

> And you do have a lot of support. I understand. I have got a very big stack of letters and very impassioned on behalf of various people and that is impressive. So it is disturbing that we're here, but we are here.

*Id.* at 507-08. The trial court specifically noted that it made its sentencing determination *despite* the copious character evidence it received in the form of letters from Petitioner's community, and noted the limited relevance of testimony pertaining to Petitioner's guilt or innocence of the charged offense at the sentencing phase. As these are primarily the topics to which Ms. Warren and Mr. Hopkins would have spoken, the state court was not unreasonable in finding that Petitioner failed to establish a reasonable probability that he would have received a lesser sentence had they testified.

Furthermore, "it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions." *Estelle v. McGuire*, 502 U.S. 62, 63 (1991). "Because the admission or exclusion of evidence is primarily a question of state law, an evidentiary determination rarely gives rise to a federal question reviewable in a habeas petition." *King v. Roper*, 2005 WL 1518291, at *15 (E.D. Mo. June 24, 2005) (citing *Scott v. Jones*, 915 F.2d 1188, 1190-91 (8th Cir. 1990)); *see also Parker v. Bowersox*, 94 F.3d 458, 460 (8th Cir. 1996) ("A state court's evidentiary rulings can form the basis for federal habeas relief under the due process clause only when they were so conspicuously prejudicial or of such magnitude as to fatally infect the trial and deprive the defendant of due process."). Accordingly, trial counsel cannot be ineffective for failing to call witnesses whose testimony may not have been admissible or may have lacked meaningful evidentiary value. *See Whitby v. Lewis*, 2018 WL 4184365, at *5 (E.D. Mo. Aug. 31, 2018). For this and the above reasons, the Court will deny relief on Ground Three.

13

IV.    CONCLUSION

For all of the above reasons, Petitioner is not entitled to federal habeas relief. Under 28 U.S.C. § 2253, an appeal may not be taken to the court of appeals from the final order in a 28 U.S.C. § 2254 proceeding unless a circuit judge or district judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1)(A). To grant such a certificate, the judge must find that the Petitioner "has made a substantial showing of the denial of a constitutional right." § 2253(c)(2). "A substantial showing is a showing that issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings." *Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997) (citation omitted). The Court finds that Petitioner has not made a substantial showing of the denial of a constitutional right, so the Court will not issue a certificate of appealability. Accordingly,

**IT IS HEREBY ORDERED** that Petitioner's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 (ECF Nos. 1, 6) is **DENIED.**

**IT IS FURTHER ORDERED** that this case is **DISMISSED.**

**IT IS FURTHER ORDERED** that no certificate of appealability shall issue because Petitioner has failed to make a substantial showing that he has been denied a constitutional right. 28 U.S.C. § 2253.

_____
SHIRLEY PADMORE MENSAH
UNITED STATES MAGISTRATE JUDGE

Dated this 24th day of March, 2026.

14